(Rev. 5/05)

 ORIGINAL

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) __NAVE, LARRY, O._____
   (Name of Plaintiff)      (Inmate Number)

__DEL. CORR. CENTER, SMYRNA DE, 19977__
   (Complete Address with zip code)

(2) __AND SIMILAR SUITED INMATES__
   (Name of Plaintiff)      (Inmate Number)

_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) __DEPT. OF CORR._____

(2) __WARDEN, TOM CARROLL__

(3) __TREATMENT SUPRENT, RON HOSTERMAN__
   (Names of Defendants)
__IN THE INDIVIDUAL AND OFFICIAL CAPACITY__
(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:
:    0 6 - 1 9 8
:    _____
:    (Case Number)
:    ( to be assigned by U.S. District Court)
:
:
:
:
:
:    CIVIL COMPLAINT
:
:
:
:    • • Jury Trial Requested
:
:    FILED
:    MAR 24 2006
:    U.S. DISTRICT
:    DISTRICT

I.   PREVIOUS LAWSUITS

     A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
          including year, as well as the name of the judicial officer to whom it was assigned:

          _____
          _____
          _____N/A_____
          _____
          _____

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? • (Yes) • •No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? • (Yes) • •No

C. If your answer to "B" is Yes:

1. What steps did you take? FILED GRIEVANCES, AND CORRESPONDENCE TO DEFENDANTS, AND OTHER ADMINISTRATORS

2. What was the result? GRIEVANCES REJECTE AS NON GRIEVABLE, CORRESPONDENCES NEVER ADDRESSED.

D. If your answer to "B" is No, explain why not: N/A

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: DEPT. OF CORR
Employed as DOC, at DELAWARE
Mailing address with zip code: 245 MCKEE ROAD, DOVER DE, 19904

(2) Name of second defendant: TOM CARROLL
Employed as WARDEN at DEL. CORR. CENTER
Mailing address with zip code: 1181 PADDOCK ROAD, SMYRNA DE. 19977

(3) Name of third defendant: RON HOSTERMAN
Employed as TREATMENT SUPRINT. at DEL. CORR. CENTER
Mailing address with zip code: 1181 PADDOCK ROAD, SMYRNA DE. 19977

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

IV. STATEMENT OF CLAIM

D. The Delaware Correctional Center has a classification point system (policy), that (mandates) petitioner Nave, to (work) and attend treatment programs (groups), should petitioner Nave, refuse to comply to said classification policies requirements, petitioner Nave, will be disciplined and receive a higher custody point level and housing. The Dept. of Corr., Warden Carroll and Treatment Superintendant Hosterman, can not provide the (mandated) requirements of said (policy) regarding (employment) and treatment (programs) to petitioner Nave, because even though the classification (policy) is being forced upon petitioner, the D.C.C. M.H.U. complex dose not have any treatment programs and only (12) job positions for (400 inmates), so petitioner Nave, can't meet the mandated requirements of the classification point system (policy) and is punished at every classification hearing held on petitioner because petitioner Nave, can't show program attendence nor employment, so he is refused the point deduction he would have received had he showed attendence and employment, so he is not give (granted) a lower level of custody. Petitioner Nave, is under the sentencing laws of 1982, in which petitioner must go before the Parole Board to gain release, but the Parole Board has a obligated duty to society and petitioner to deny petitioner release until petitioner receives treatment programs or at the very lease offer the opportunity to attend a treatment program, petitioner Nave, goes before the Parole Board any day now after 25 years, and as a result of defendants actions or lack of action, petitioner Nave, will be denied release.

(3).

STATEMENT OF CLAIM CONTINUES:

2) THE DELAWARE CORRECTIONAL CENTER HAS A CORRECTIONAL CODE OF PENAL DISCIPLINE (POLICY), THAT GOVERNS ANY AND ALL DISCIPLINARY ACTIONS FILED REGARDING AN ALLEGED RULE VIOLATION BY AN INMATE. THE DEPT. OF CORR., WARDEN CARROLL AND TREATMENT SUPERINTENDANT, HOSTERMAN, ARE OBLIGATED TO ENSURE THE INFORCEMENT OF SAID POLICY DURING ANY DISCIPLINE HEARING OR REGARDING ANY DISCIPLINARY REPORT, HOWEVER DEFENDANTS REFUSE TO MEET THERE OBLIGATIONS AND AUTHORIZE THERE STAFF TO ISSUE A DISCIPLINARY SANCTION UPON PETITIONER NAVE, WITHOUT ANY HEARING NOR CHANCE TO APPEAL SAID SANCTION (PUNISHMENT) BEFORE INFORCING THE PUNISHMENT UPON PETITIONER NAVE. THESE INFRACTIONS AND PUNISHMENTS ARE USED NOT ONLY AT EVERY CLASSIFICATION HEARING OF PETITIONER TO FURTHER PUNISH PETITIONER, THEY WILL BE USED AT PETITIONERS UP COMING PAROLE HEARING AGAINST HIM.

3) SINCE OCT. OF 2002, PETITIONER NAVE, HAS BEEN HOUSED IN THE PUNATIVE HOUSING COMPLEX OF THE DEL. CORR. CENTER, FOR REASON(S) UNKNOWN TO PETITIONER. PETITIONER'S PLACEMENT IN THE PUNATIVE HOUSING WAS NOT, AND IS NOT FOR ANY INVESTIGATION FOR ILLEGAL ACTIVITIES BY PETITIONER, NOR DUE TO BEING A BEHAVIORAL OR DISCIPLINARY PROBLEM, AND EVEN THOUGH THE MULTI DISCIPLINARY TEAM, AND INSTITUTIONAL CLASSIFICATION COMMITTEE HAS FOR OVER (4) FOUR YEARS RECOMMENDED PETITIONERS RELEASE, AND THE PRE-PAROLE BOARD HAS VOTED 5-0 IN FAVOR OF PAROLE FOR PETITIONER, THE WARDEN CONTINUES TO DENY PETITIONER RELEASE FROM THE MHU, FOR REASON(S) UNKNOWN TO PETITIONER.

(3-A)

J. RELIEF

1) TO PROVIDE PETITIONER NAVE, THE MANDATED EMPLOYMENT AND TREATMENT PROGRAMS REQUIRED BY D.C.C.'s CLASSIFICATION POLICY, OR TO DISCONTINUE THE POINT SYSTEM OF THE CLASSIFICATION POLICY UNTIL DEFENDANTS CAN COMPLY WITH THERE OWN POLICY AND GIVE EVERY INMATE A JOB AND TREATMENT PROGRAMS.

2) TO GIVE PETITIONER NAVE, THE POINT DEDUCTION AND CUSTODY LEVEL PETITIONER WOULD HAVE IF HE WAS GIVEN A JOB AND SAID TREATMENT PROGRAMS BY DEFENDANTS, FOR THE LAST (4) FOUR YEARS.

3) TO ORDER PETITIONERS DISCIPLINARY FILE CLEARED OF ALL DISCIPLINARY ACTION(S) PETITIONER NAVE, WAS NOT PROVIDED A HEARING ON OR CHANCE TO APPEAL, AND TO ORDER D.C.C. TO STOP ALLOWING STAFF TO ISSUE SANCTIONS WITHOUT FIRST GIVING THE INMATES A HEARING OR CHANCE TO APPEAL SAID SANCTIONS.

4) TO ORDER A REVIEW OF ALL DISCIPLINARY ACTIONS THAT WAS NOT FILED WITHIN THE GUIDELINES OF THE PENAL CODE AND TO HAVE ALL HEARING HELD BY THE MULTI DISCIPLINARY TEAM, AND NOT BY A ONE MAN HEARING OFFICER, AND TO HAVE ALL HEARINGS TAPE RECORDED TO ENSURE PROPER RECORDS ARE KEPT OF THE HEARING.

5) TO ISSUE A ORDER TO THE WARDEN TO SHOW CAUSE AS TO WHY PETITIONER NAVE, IS BEING REFUSED RELEASE FROM THE M.H.U. PUNITIVE HOUSING COMPLEX, AND TO SHOW CAUSE WHY PETITIONER WAS PLACED IN THE PUNITIVE HOUSING UNITS, TO PAY ALL COURT COST AND ANY OTHER PUNITIVE DAMAGES THIS COURT DEEMS APPROPRIATE DUE TO PETITIONER NAVE.

(3-B)

I LARRY D. NACE DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED 21 DAY OF MARCH 2006

_____
SIGNATURE OF PLAINTIFF

(4)



I/M Nate Leary
SBI# 166736    UNIT 22 pod 5
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court House
844 N. King St.
Wilmington DE,
19801