OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK OF COURT

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

July 28, 2006

TO: *Delaware Correctional Center*
*ATTN: Business Office*
*P.O. Box 500*
*Smyrna, DE 19977*

RE: *Return of Check for Inmate Filing Fees,*
*Check # 13246, dated 7/19/06.*

Enclosed check, **#13246** is being returned by the Clerk's Office without action. It appears that subject check is written off the account of inmate Larry Dean Nave, SBI #164131.

Be advised that the Court issued an order on 6/13/06, dismissing the complaint without prejudice, **relieving Mr. Nave of any previously assessed fees.** A copy of the order is enclosed.

We are returning this check directly to the Business Office since your office issued it. Please contact me directly if you have a question, at 302-573-6170.

Sincerely,

PETER T. DALLEO
BY: /s/ _____   CLERK
Deputy Clerk

Enc.: Order date 6/13/06.
cc: Financial Administrator
    Mr. Larry Dean Nave, SBI # 164131, DCC
    The Honorable Joseph J. Farnarn Jr., C.A. 06-198 JJF

| DATE | AMOUNT | | | |
|---|---|---|---|---|
| Larry Nave #116131 Ca.# 06-198-JJF | | | | 13246 |

DELAWARE CORRECTIONAL CENTER
INMATE ACCOUNT
SMYRNA, DELAWARE

DATE 7/19/06

PAY TO THE ORDER OF  U.S. District Court    $ *.33

                                                  DOLLARS

PNCBANK
PNC Bank, Delaware - 080
Wilmington, DE

VOID AFTER 60 DAYS

TOTAL
LESS  % DISCOUNT
LESS
TOTAL DEDUCTIONS
AMOUNT OF CHECK   33

LARRY DEAN NAVE V. CORR. ET AL.
CA 06-198-JJF
CASE #1

| DATE | FUND | RECEIPT | AMOUNT | BALANCE |
|---|---|---|---|---|
| 4/10/2006 | | | 250 | |
| 6/6/2006 | 5100PL | 143696 | 4 | 246 |
| 6/13/2006 | PER JJF ORDER | | | 246 |
| | | | 0 | 0 |
| | | | 0 | 0 |
| | | | 0 | 0 |
| | | | 0 | 0 |
| | | | 0 | 0 |
| | | | 0 | 0 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY DEAN NAVE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 06-198-JJF |
| DEPARTMENT OF CORRECTION, WARDEN TOM CARROLL, and TREATMENT SUPERINTENDENT RON HOSTERMAN, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Plaintiff Larry Dean Nave, ("Nave"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on April 10, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice as frivolous and for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.  **THE COMPLAINT**

Plaintiff filed this lawsuit, it appears, in anticipation of his hearing before the Parole Board. He seeks only injunctive relief. Plaintiff alleges that the DCC has a classification

point system that mandates he work and attend treatment programs. Plaintiff alleges that if he refuses to comply with the classification policy requirements he will be disciplined and receive a higher custody point level and housing assignment.

Plaintiff is currently housed in the medium high housing unit ("MHU"). He alleges that Defendants Department of Correction ("DOC"), Warden Thomas Carroll ("Warden Carroll"), and Treatment Superintendent Ron Hosterman ("Hosterman") cannot provide him with the mandated work and treatment program requirements because the MHU complex does not have any treatment programs and there are only twelve inmate worker positions available for 400 inmates. Plaintiff alleges that since he cannot meet the requirements of the classification point system, he is punished at every classification hearing due to his failure to show program attendance or employment. This, he alleges, denies his ability to achieve a lower level of custody.

Plaintiff also alleges that he is "under the sentencing laws of 1982" and "must go before the Parole Board to gain release." (D.I. 2, p. 3.) Plaintiff alleges that he will appear before the Parole Board "any day now" after twenty-five years of incarceration. He alleges that the Parole Board is obligated to deny him release until he receives treatment programs or, at the very least, is offered the opportunity to attend a treatment

program. Plaintiff alleges that as a result of Defendants' actions or inactions he will be denied release by the Parole Board because of his lack of employment and non-participation in treatment programs.

Plaintiff next alleges that the DOC has a code of penal discipline and that Defendants are obligated to ensure enforcement of the policy during disciplinary hearings or for any disciplinary report. Plaintiff alleges that Defendants refuse to meet their obligations and that they authorized their staff to issue to him a disciplinary sanction without a hearing or chance to appeal the sanction before enforcing the punishment. Plaintiff alleges that the infractions and punishments will be used against him at his upcoming parole hearing.

Finally, Plaintiff alleges that since 2002, and for reasons unknown to him, he has been housed in the punitive housing complex. He alleges that his placement there is not due to any investigation for illegal activities or for being a disciplinary problem. He alleges that even though the multi-disciplinary team and institutional classification committee have recommended his release, and the pre-parole board has voted in favor of parole, Warden Carroll continues to deny his release from MHU.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a

prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

III. ANALYSIS

    A.    Eleventh Amendment Immunity

The DOC, an agency of the State of Delaware, is named as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corrections, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Plaintiff's claim against the DOC has no arguable basis in law or in fact inasmuch as it is immune from suit. The claim is frivolous and is dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(b) and § 1915A(b).

    B.    Housing

Plaintiff alleges that since 2002 he has been housed in punitive housing for reasons unknown to him. Plaintiff alleges that both the multi-disciplinary team and institutional classification committee have recommended his release, but Warden

Carroll continues to deny his release from MHU.

To be determined is whether the alleged violation implicates a constitutionally protected property or liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484 (internal citations omitted).

Neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann. tit. 11, § 6529(e). Moreover, "'[a]s long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Hewitt, 459 U.S. at 468 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

Hence, it has been determined that the transfer of a

prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,"' even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Lott v. Arroyo, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); Brown v. Cunningham, 730 F.Supp. 612 (D.Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Based upon the foregoing, the decision that Plaintiff remain in MHU housing cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution."

Accordingly, Plaintiff cannot state a claim a claim for a constitutional violation as a result of his housing assignment. The claim has no arguable basis in law or in fact, and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

C.  **Classification System**

Plaintiff takes exception with the point based classification system utilized by the Delaware DOC. He complains that because he is housed at MHU where no programs are offered and

-7-

there are a limited number of jobs for inmates, he cannot meet the mandated requirements of the classification point system. He alleges that he is punished at every classification hearing held and is refused point deductions that would allow him a lower level of custody. Plaintiff speculates that when his parole hearing is held, he will be denied release because he was not provided the opportunity for prison employment or to attend treatment programs.

Under Delaware law neither a prisoner's classification, work assignment, drug treatment program, or rehabilitation program is a protected interest. Delaware law does not require the DOC to maintain a classification system, and as a result, the State has not created a protectable interest in classifications. Munir v. Kearney, No. Civ. 03-305-SLR, 2005 WL 1075287, at *5 (D.Del. Apr. 29, 2005) (citing Del. Code Ann. tit. 11, § 6529; Nicholson v. Snyder, No. 00-588-SLR, 2001 WL 935535, at *5 (D.Del. Aug. 10, 2001), aff'd in part and vacated in part, 2005 U.S.App. LEXIS 2078 (3d Cir. 2005)). Moreover, prisoners have no entitlement to a specific job, or even to any job. James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989). And, Delaware law does not create a liberty or property interest for prisoners in their work assignments. Clough v. State, 686 A.2d 158, 159 (Del. 1996). Further, inmates have no constitutional right to drug treatment or other rehabilitation. Abdul-Akbar v. Department of

Corrections, 910 F.Supp. 986, 1002 (D.Del. 1995).

Like his housing claim, in order for Plaintiff to state a claim that he was deprived of employment or treatment programs, he must have a property or liberty interest in the opportunity. Id. (citing James v. Quinlan, 866 F.2d 627, 629 (3d. Cir. 1989)). The law is clear that there is no such interest.

Accordingly, the claim based upon classification, employment, and treatment programs has no arguable basis in law or in fact. It is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Procedural Due Process

Plaintiff alleges that Defendants do not enforce policies governing disciplinary actions. He alleges that Defendants' staff meted out disciplinary sanctions without holding a hearing or providing Plaintiff an opportunity to appeal the sanction. Again, Plaintiff speculates that the infractions and punishments will be used against him at his upcoming parole hearing.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Plaintiff generally alleges that all Defendants violated his right to procedural due process during disciplinary

proceedings. The complaint does not, however, contain sufficient information to apprise each Defendant of the action or inaction that allegedly violated Plaintiff's constitutional rights. Plaintiff refers to disciplinary proceedings, but does not indicate when those proceedings took place, or the rule or regulation plaintiff allegedly was charged with violating.

Additionally, to be entitled to procedural due process protections in prison disciplinary settings as limned in Wolff v. McDonnell, 418 U.S. 539 (1974), a prisoner must be deprived of a liberty interest. Wolff, 418 U.S. at 557-558. The complaint does not contain any allegations that Plaintiff was deprived of a liberty interest. Plaintiff makes reference to "sanctions" but does not hint what these sanctions might be.

Therefore, Plaintiff's procedural due process claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## IV. MOTION FOR DISCOVERY

Plaintiff filed a motion for discovery pursuant to Fed. R. Civ. P. 26. (D.I. 6.) He asks the court to order Defendants to produce certain documents that are "directly relevant to this civil litigation." Plaintiff seeks discovery under Rule 26(a)(1)(B), (C), and (D) of the Federal Rules of Civil Procedure. Rule 26(a) provides for initial discovery disclosures. Excluded from Rule 26 are, as in this case, actions

brought without counsel by a person in custody. Fed. R. Civ. P. 26(a)(1)(E)(iii).

As previously discussed, Plaintiff's claims have no arguable basis in law or in fact, and the complaint will be dismissed. This makes discovery unnecessary. Therefore, the motion for discovery is denied.

V.  CONCLUSION

NOW THEREFORE, at Wilmington this 13 day of June, 2006, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for discovery (D.I. 6) is **DENIED**.

2.  The complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the claims are either frivolous or fail to state a claim upon which relief may be granted. Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

3.  Plaintiff is not required to pay any previously assessed fees or the $250.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

UNITED STATES DISTRICT JUDGE